UNITED STATES *v.* INTERNATIONAL TRADING CO. ET AL. (No. 2945)[1]

United States Court of Customs Appeals, December 5, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.

*Walter Evans Hampton* for appellees.

*Lamb & Lerch* (*John G. Lerch* of counsel), *Amici Curiae*.

---

[1] T. D. 42511.

[Oral argument October 5, 1927, by Mr. Lawrence, Mr. Hampton, and Mr. Lerch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

A medicinal preparation in capsules was assessed for duty by the collector at the port of Chicago at 45 per centum ad valorem—based upon the American selling price of a similar competitive article manufactured or produced in the United States—and 7 cents per pound as a mixture containing *methyl salicylate* under paragraph 28 of the Tariff Act of 1922. The parts of the paragraph pertinent to the issues involved are as follows:

PAR. 28. Coal-tar products: * * * artificial musk, benzyl acetate, benzyl benzoate, coumarin, diphenyloxide, methyl anthranilate, *methyl salicylate*, phenyl-acetaldehyde, phenylethyl alcohol, and *other synthetic odoriferous or aromatic chemicals*, including flavors, all of these products not marketable as perfumery, cosmetics, or toilet preparations, *and not mixed and not compounded*, and not containing alcohol; * * * *natural methyl salicylate or oil of wintergreen or oil of sweet birch:* natural coumarin; natural guaiacol and its derivatives; *and all mixtures*, including solutions, consisting in whole or in part of any of the articles or materials provided for in this paragraph, *excepting mixtures of synthetic odoriferous or aromatic chemicals*, 45 per centum ad valorem based upon the American selling price (as defined in subdivision (f) of section 402, Title IV) of any similar competitive article manufactured or produced in the United States, and 7 cents per pound: * * * *Provided further*, That any article or product which is within the terms of paragraph 1, 5, 38, 40, 61, 68, 84, or 1585, as well as within the terms of paragraph 27, 28, or 1549, shall be assessed for duty or exempted from duty as the case may be under paragraph 27, 28, or 1549. (Italics not quoted.)

The importation is claimed to be dutiable at 25 per centum ad valorem under paragraph 5. It provides as follows:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

It appears from the record that the merchandise is a medicinal preparation composed of a mixture of "sandalwood oil, oil of resin, methyl salicylate, and chlorophyll." The synthetic methyl salicylate does not contribute to the therapeutic value of the preparation. Its only function is to give flavor.

The court below held that the importation did not come within the provision for "mixtures" in paragraph 28, but was dutiable as a medicinal preparation under paragraph 5, and sustained the protests.

Counsel for the Government and *amici curiae* contend that, as paragraph 28 provides for synthetic methyl salicylate and also for mixtures consisting in part of any article provided for in the paragraph, and that, as the importation is a mixture consisting in part of synthetic methyl salicylate, it is dutiable under the "mixtures" pro-

vision. This claim is made upon the hypothesis that the clause "excepting mixtures of synthetic odoriferous or aromatic chemicals," was intended to exclude such mixtures only as were composed exclusively of such chemicals.

Counsel for the appellees contends that the provision in paragraph 28 for synthetic methyl salicylate and "other synthetic odoriferous or aromatic chemicals" was not intended to include any such chemicals if mixed or compounded; and, as mixtures and compounds containing any such chemical are expressly excluded from the paragraph, the excepting clause to the mixtures provision should be construed as as if it read "excepting mixtures" containing "synthetic odoriferous or aromatic chemicals."

It is further argued that, as the importation is a medicinal preparation, it is dutiable as such under paragraph 5.

If the merchandise is provided for in paragraph 28, it must (by virtue of the proviso clause) be classified thereunder, even though it is also included within the provisions of paragraph 5.

In support of the construction of paragraph 28, insisted upon by the Government and *amici curiae*, it is claimed that the clause "excepting mixtures of synthetic odoriferous or aromatic chemicals," was intended to relate to perfumery materials only. In this connection it is argued in the brief of *amici curiae* that, "This impression is given weight by the fact that Congress has carried the exact wording of the exception to paragraph 28 into paragraph 61 of the Tariff Act of 1922, to wit, 'All mixtures or combinations containing essential or distilled oils, or natural or synthetic odoriferous or aromatic substances,'" and that, if the exception in paragraph 28 operates to exclude the involved mixture from that paragraph, it "logically follows that it must operate to take the" importation "into paragraph 61." But it is argued that the involved mixture could not be classified under paragraph 61, because of our decision in the case of *United States* v. *American Shipping Co.* 13 Ct. Cust. Appls. 346, T. D. 41254, in which it was held that the quoted provision of paragraph 61 was not intended to cover medicinal preparations, but was restricted to perfumery materials.

Paragraph 28 provides for "methyl salicylate, * * * and other synthetic odoriferous or aromatic chemicals, including flavors, all of these products not marketable as perfumery, cosmetics, or toilet preparations, and not mixed and not compounded, and not containing alcohol." The Congress has here plainly provided for synthetic methyl salicylate, and other synthetic odoriferous or aromatic *chemicals*. But such articles, in order to come within the provision, must be such as are not marketable as perfumery, cosmetics, or toilet preparations, and *not mixed* and *not compounded*. Accordingly, if synthetic methyl salicylate or other synthetic odoriferous or

aromatic chemical is imported mixed or compounded it is obviously not within the provision. Later in paragraph 28 the Congress provided for "*natural* methyl salicylate or oil of wintergreen or oil of sweet birch; * * * and all *mixtures*, including solutions, consisting in whole or in part of *any of the articles or materials* provided for in this paragraph, *excepting mixtures* of *synthetic odoriferous or aromatic chemicals.*" (Italics not quoted.) What did the Congress intend to except from the operation of the "mixtures provision" by the language "excepting mixtures of synthetic odoriferous or aromatic chemicals?" Was it intended to exclude only such mixtures as contained nothing but synthetic odoriferous or aromatic chemicals? We must bear in mind that the Congress had previously excluded from the paragraph any of these synthetic chemicals, if imported in a mixture or compound. The excepting clause to the "mixtures provision" should be construed consistently with the prior exception, unless a contrary intention of the Congress is manifested in other paragraphs in pari materia.

Paragraph 61 provides, among other things, for "all mixtures or combinations *containing* essential or distilled oils, or natural or synthetic odoriferous or aromatic substances," at 40 cents per pound and 50 per centum ad valorem. (Italics not quoted.)

We have held that the provisions of paragraph 61 were intended to be restricted to perfumery materials. *United States* v. *American Shipping Co.*, 13 Ct. Cust. Appls. 346, T. D. 41254.

It will be noted that the provision for mixtures and combinations in paragraph 61, although relating to perfumery materials exclusively, is not limited to such as are composed of essential or distilled oils, or of natural or synthetic odoriferous or aromatic chemicals. It includes all mixtures or combinations *containing* any of such substances. Obviously, then, if the Congress intended to limit the operation and scope of the excepting clause to the "mixtures" provision in paragraph 28 to perfumery materials, it would not have restricted the provision to such mixtures as were composed exclusively of "synthetic odoriferous or aromatic chemicals." The fallacy of this argument for the construction insisted upon by counsel for the Government and by *amici curiae* is evident.

We are unable to find any justification for the construction insisted upon by counsel for the Government and *amici curiae*. We think the excepting clauses were intended to exclude from paragraph 28 synthetic methyl salicylate, if mixed or compounded, as well as mixtures containing it or other synthetic odoriferous or aromatic chemicals.

We are unable to believe that, by the use of the word "of" instead of "containing" or some other suitable expression in the second excepting clause, it was intended to so modify the first excepting

352

clause as to include in the paragraph articles which had been plainly and deliberately excluded therefrom.

The merchandise is a mixture—a medicinal preparation—containing synthetic methyl salicylate. It is excluded from paragraphs 28 and 61 for the reasons stated. We think it is dutiable as a medicinal preparation under paragraph 5, and we so hold.

The judgment is *affirmed*.