BISBEE LINSEED CO. *v.* UNITED STATES (No. 3431) [1]

---

United States Court of Customs and Patent Appeals, October 26, 1931

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellant. *Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument October 9, 1931, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The question involved in this appeal is the classification of certain merchandise entered at the port of Philadelphia, consisting of a mixture of approximately 95 per centum linseed oil and 5 per centum naphtha. The collector assessed the linseed oil content with duty at the rate of 3$\frac{3}{10}$ cents per pound, under the provisions of paragraph 54 of the Tariff Act of 1922, and classified the naphtha content as entitled to free entry under paragraph 1633 of the same act. Appellant duly protested such classification and a trial was had in the United States Customs Court, resulting in a judgment overruling the protest without affirming the decision of the collector, Judge Brown dissenting from the decision. From such judgment this appeal is taken.

Appellant, in its protest, made several alternative claims, only one of which we need to consider, viz, the claim of dutiability under paragraph 58 of said act, which reads as follows:

PAR. 58. Combinations and mixtures of animal, vegetable, or mineral oils, or of any of them (except combinations or mixtures containing essential or distilled oils), with or without other substances, and not specially provided for, 25 per centum ad valorem: *Provided,* That no article containing alcohol shall be classified for duty under this paragraph.

The paragraphs under which the merchandise was classified, in so far as they are pertinent to the questions here involved, read as follows:

PAR. 54. Oils, expressed or extracted: * * * linseed or flaxseed oil, raw, boiled, or oxidized, 3$\frac{3}{10}$ cents per pound; * * *.

PAR. 1633. Oils, mineral: Petroleum, crude, fuel, or refined, and all distillates obtained from petroleum, including kerosene, benzine, naphtha, gasoline, paraffin, and paraffin oil, not specially provided for.

The Government concedes that the classification made by the collector was erroneous, as the lower court found, and upon oral argument the Assistant Attorney General, with commendable candor, stated that in view of the testimony found in the record he could not seriously controvert the contentions of appellant upon the issue raised by it.

The question before us involves the proper construction of the parenthetical clause of said paragraph 58 "except combinations or mixtures containing essential or distilled oils."

The lower court found that, since naphtha is in fact a distilled oil, it is included in the exception, and hence a mixture of linseed oil and naphtha is excluded from classification under said paragraph 58.

Appellant concedes that naphtha is in fact a distilled oil but contends that it is not such a distilled oil as is included in the exception in said paragraph 58; that the words "essential or distilled oils," as used in the paragraph, refer to one class of oils only, to wit, the well-known class of *essential* oils which are for the most part produced by distillation; that the word "or" used in the phrase "essential or distilled oils" is used as a coordinating conjunction and not disjunctively, and that "essential oils" and "distilled oils" are alternative definitions of the same article. In support of this contention, attention is called to the U. S. Dispensatory, twentieth edition, page 729, under the heading "Distilled Oils, Olea Volatilia," where it is stated:

These are sometimes called distilled oils, from the mode in which they are usually procured, sometimes called essential oils, from the circumstance that they possess in a concentrated state, the organoleptic properties of taste and odor of the plants from which they are derived.

The words "essential or distilled oils" are also found in paragraphs 59, 61, and 1631 of the Tariff Act of 1922, which paragraphs read as follows:

PAR. 59. Oils, distilled or essential: Lemon and orange, 25 per centum ad valorem; clove, eucalyptus, peppermint, patchouli, sandalwood, and all other essential and distilled oils not specially provided for, 25 per centum ad valorem; *Provided*, That no article mixed or compounded or containing alcohol shall be classified for duty under this paragraph.

PAR. 61. Perfume materials: Ambergris, castoreum, civet, and musk grained or in pods, 20 per centum ad valorem; anethol, citral, geraniol, heliotropin, ionone, rhodinol, safrol, terpineol, vanillin, and all natural or synthetic odoriferous or aromatic chemicals, all the foregoing not mixed and not compounded, and not specially provided for, 45 per centum ad valorem; all mixtures or combinations containing essential or distilled oils, or natural or synthetic odoriferous or aromatic substances, 40 cents per pound and 50 per centum ad valorem: *Provided*, That only materials not marketable as perfumery, cosmetics, or toilet preparations, and not containing more than 10 per centum of alcohol, shall be classified for duty under this paragraph: *Provided further*, That all of the foregoing materials containing more than 10 per centum of alcohol shall be classified for duty under paragraph 62 as toilet preparations.

PAR. 1631. Oils, distilled or essential: Anise, bergamot, bitter almond, camphor, caraway, cassia, cinnamon, citronella, geranium, lavender, lemon grass, lime, lignaloe or bois de rose, neroli or orange flower, origanum, palmarosa pettigrain, rose or otto of roses, rosemary, spike lavender, thyme, and ylang ylang or cananga: *Provided*, That no article mixed or compounded or containing alcohol shall be exempted from duty under this paragraph.

In the case of *United States* v. *American Shipping Co.*, 13 Ct. Cust. Appls. 346, T. D. 41254, it was expressly held that the use of the words "essential or distilled oils" in said paragraph 61 did not include essential or distilled oils which were not used in the manufacture of perfumery.

Without attempting to construe paragraphs 59 and 1631, which were not involved in said case of *United States* v. *American Shipping Co.*, *supra*, we think it apparent that the words "essential or distilled oils" were there used in a restricted sense, and that in none of the paragraphs quoted would a distilled oil like naphtha be included. However this may be, we have no doubt that in paragraph 58 here involved the words "essential or distilled oils" are used in their restricted meaning.

The evidence produced upon the trial conclusively shows that the only known mineral oils are the mineral oils provided for in paragraph 1633 of said tariff act, to wit, petroleum and distillates obtained therefrom. The testimony is uncontradicted that crude petroleum is never used in mixtures of vegetable and mineral oils, but that the mineral oil content in such mixtures is always a distillate of petroleum. It is also shown that to mix crude petroleum with any vegetable oil would destroy the value of the vegetable oil.

In view of the foregoing, we are clear that it was not the intention of Congress to include all distilled oils in the exception in paragraph 58, but that the words "essential or distilled oils," as used in this paragraph, must be given the restricted meaning contended for by appellant.

Judge Brown, in his dissenting opinion in the case at bar, well says:

If the Government's proposition, that the instant mixture is excluded from paragraph 58 by virtue of the parenthesis which excepts "combinations or mixtures containing essential or distilled oils," is adopted, it would be equivalent to declaring that Congress, in permitting entry under paragraph 58 of "combinations and mixtures of vegetable or mineral oils or of any of them," was taking away with its left hand what it had granted with its right. In other words, if in all mixtures of vegetable oils and mineral oils, the mineral oil constituent is a distilled oil, the construction contended for by the Government would effectively wipe out of existence and make null and void the provision for "mixtures of vegetable or mineral oils or any of them." It would have been an idle and useless thing for Congress to grant entry at 25 per centum under paragraph 58 to all mixtures of vegetable oil and mineral oil and then have cancelled this grant by operation of the parenthesis contained in said paragraph.

In the case of *United States* v. *White*, 2 Ct. Cust. Appls. 80, T. D. 31632, this court quoted with approval section 295 of Endlich on the Interpretation of Statutes, reading as follows:

Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it which modifies the meaning of

the words, and even the structure of the sentence. This is done, sometimes, by giving an unusual meaning to particular words; sometimes by altering their collocation; or by rejecting them altogether; or by interpolating other words; under the influence, no doubt, of an irresistible conviction, that the legislature could not possibly have intended what its words signify, and that the modifications thus made are mere corrections of careless language, and really give the true intention.

We hold that the naphtha contained in the mixture here involved is not an essential or distilled oil within the meaning of those words as used in said paragraph 58, and the merchandise should be classified and assessed for duty, as claimed by appellant, under said paragraph.

The judgment of the United States Customs Court is *reversed* and the cause *remanded* for further proceedings consistent with the views herein expressed.