BEFORE THE FIRST DIVISION, JULY 5, 1939

No. 41777.—Protests 544075–G, etc., of Dr. J. Quest & Co. (New York).

McCLELLAND, Presiding Judge: These protests are before us on rehearing from our decision rendered January 10, 1938, and reported in Abstract 37530. Our decision in that case reads as follows:

McCLELLAND, Presiding Judge: As originally drawn each of these protests was directed against the collector's assessment of duty on several kinds of imported merchandise, but plaintiffs' counsel have abandoned all claims except those as to merchandise described on the invoices as novopin bademasse, which was assessed with duty by the collector at the rate of 75 percent ad valorem under the provision in paragraph 61, Tariff Act of 1930, for perfumed bath salts. The claim relied on in each of the protests is that for duty at the rate of 25 percent ad valorem under the provision in paragraph 5 of the same act for chemical compounds or chemical mixtures not specially provided for.

The only witness called at the trial of the issue was Hans Quest, shown to be a partner in the importing firm. His testimony indicates that he was familiar with the merchandise in issue, which was imported in cans holding approximately 70 pounds each. He stated that on the importation of such merchandise it had usually been found that some oil had separated from the mass and come to the surface, and that it was therefore necessary to mix this back into the mass, after which approximately 75 percent of bicarbonate of soda was added and the whole then ground into the consistency of a powder to make a bath preparation, which was placed in three-quarter ounce containers. He also testified that he personally had tried to use the merchandise as imported as a bath preparation, but found that it was so strong that it would cause a rash to appear on the skin.

We think it is apparent from the foregoing that the merchandise at bar is not a bath salt or preparation but a material from which such a preparation might be made, and that the plaintiffs have thus met but part of the burden placed upon them of proving that the classification made by the collector was erroneous. We do not find, however, that the plaintiffs have successfully met the other part of their burden, that of proving the correctness of their own claim that the merchandise at bar is a chemical compound or chemical mixture, Mr. Quest having admitted that he was not a chemist and was not able to state of his own knowledge what the constituents of the imported article were.

On the record presented, therefore, we have no alternative but to overrule the protests without affirming the action of the collector. Judgment will issue accordingly.

When the protests were called for trial after the motion for rehearing had been granted, counsel for the plaintiffs moved that a sample of the merchandise be submitted to the chemical laboratory in the appraiser's stores at the port of New York for a qualitative and quantitative analysis, and there being no objection on the part of the Government the motion was granted.

In due time the report of the chemist was received and was, at a subsequent hearing, offered in evidence by the Government, and there being no objection on the part of counsel for the plaintiffs it was received in evidence as Exhibit 2. The report reads as follows:

The sample is a mixture of salts composed chiefly of borax, sodium bicarbonate and sodium carbonate, perfumed with pine needle oil or similar distilled or essential oil and colored with fluorescein, a coal tar dyestuff.

Composition: *Percent*
    Salts_____ 61. 1
    Distilled or essential oil_____ 19. 1
    Dyestuff_____ 3. 7
    Free and combined water_____ 16. 1

From the foregoing it appears that the merchandise consists of a mixture of chemical salts with other materials, such as distilled or essential oil, dyestuff, and water.

Paragraph 5 of the Tariff Act of 1930 reads as follows:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

It will be observed that by reason of the fact that the material in issue consists of something more than a mixture of chemical salts and compounds, since it is a mixture of such salts and compounds with other materials, i. e., distilled or essential oil, dyestuff, and water, it is not provided for under paragraph 5, *supra.*

Paragraph 60 of the Tariff Act of 1930 provides for "Perfume materials: * * *. all mixtures or combinations containing essential or distilled oils * * *." In *United States* v. *American Shipping Co.*, 13 Ct. Cust. Appls. 346, T. D. 41254, and *United States* v. *International Trading Co.*, 15 id. 348, T. D. 42511, it was held that the provision for "mixtures and combinations containing essential or distilled oils" quoted above is limited to such as are used as materials for perfumery. The record in the case at bar indicates that the merchandise in issue is used as an ingredient of a medicinal bath preparation, and hence it is not dutiable under paragraph 60, *supra.*

There being no more specific provision in the Tariff Act of 1930 for the merchandise we hold it is properly classifiable under the provisions of paragraph 1558 of the said act at the rate of 20 percent ad valorem as a nonenumerated manufactured article. That claim in each of the protests is therefore sustained.

Judgment will issue accordingly.